1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VERDEL FARNSWORTH ,

Plaintiff,

v.

SANDRA CARTER, *et al.*,

Defendants.

Case No. C05-5139FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:
APRIL 29th, 2005**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR

3, and MJR 4. Before the court is plaintiff's motion for a temporary injunction.  (Dkt. # 11).

<u>FACTS</u>

    Plaintiff asks the court to prevent defendants from removing a television set from his cell.

(Dkt. # 11).  Defendants have responded and the motion is ripe for review.  (Dkt. # 15).  The

response provides some operative facts.  Plaintiff rents a television set from the state.  On January

10th defendant Carter issued a memo notifying plaintiff that if he wished to continue renting the

REPORT AND RECOMMENDATION - 1

1  television set the cost would be 9 dollars per quarter for the television and 3 dollars per quarter for a

2  "converter box".  (Dkt. # 15).  Plaintiff lacks funds to rent and has filed this action contesting the

3  change in policy.

4  <u>DISCUSSION</u>

5  The basic function of injunctive relief is to preserve the <u>status</u> <u>quo</u> <u>ante</u> <u>litem</u> pending a

6  determination of the action on the merits.  <u>Los Angeles Memorial Coliseum Com'n v. National</u>

7  <u>Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill

8  one of two standards, the "traditional" or the "alternative."  <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th

9  Cir. 1987).

10  Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
    moving party will suffer irreparable injury if the relief is denied; (2) the moving party will
11  probably prevail on the merits; (3) the balance of potential harm favors the moving party; and
    (4) the public interest favors granting relief. . . . Under the alternative standard, the moving
12  party may meet its burden by demonstrating either (1) a combination of probable success and
    the possibility of irreparable injury or (2) that serious questions are raised and the balance of
13  hardships tips sharply in its favor.

14  <u>Id</u>. (citations omitted).

15  Plaintiff fulfills neither test.  Plaintiff has not shown any constitutional right to a television or

16  that he will suffer any injury if the television is removed from his cell.  Accordingly, the motion

17  should be **DENIED.**  A proposed order accompanies this Report and Recommendation.

18  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

19  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

20  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

21  appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

22  72(b), the clerk is directed to set the matter for consideration on **April 29th, 2005**, as noted in the

23  caption.

24
    DATED this 29th day of March, 2005.
25

26  */S/ J. Kelley Arnold*
    J. Kelley Arnold
27  United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 2