UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES VERDEL FARNSWORTH, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>SANDRA CARTER, *et al.*, <br><br>　　　　Defendants. | Case No. C05-5139FDB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **June 17th, 2005** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

<u>Procedural history</u>

　　　　Before the court is plaintiff's motion for default. (Dkt. # 16). Plaintiff seeks default against one defendant, the Department of Corrections. The Department has entered a limited appearance to contest the motion and alleges lack of service. (Dkt. # 20). The Department also filed a cross motion and moves to dismiss as the Department is not a person for purposes of the Civil Rights Act.

REPORT AND RECOMMENDATION - 1

(Dkt. # 20). Plaintiff replies asking that default be entered and defendants pleading be struck from the record. (Dkt. # 27). Plaintiff does not address the lack of service issue raised by the Department.

Defendant Sandra Carter, the other defendant, has also moved for dismissal for failure to state a claim. (Dkt. # 18). Plaintiff has replied and that motion is also ripe for review. (Dkt. # 26).

## FACTS

Plaintiff is an indigent inmate. Sandra Carter as superintendent of the Clallam Bay Corrections Center has instituted a policy requiring inmates to pay a rental fee for use of a television in their cell. Plaintiff contends the policy violates his right to equal protection under the United States Constitution.

## DISCUSSION

A.   Default.

Default is disfavored. The test used in the Ninth Circuit is three factored. The three factors are: (1) whether the plaintiff has been prejudiced; (2) whether the defendants have a meritorious defense; and (3) whether or not culpable conduct led to the default. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1985).

The test used by the Ninth Circuit assumes service was proper. Here, defendant avers it has not been properly served and plaintiff does not address that argument. Default at this junction would not be proper. The plaintiff's motion must be **DENIED.**

B.   Jurisdiction Over the Department.

When the Department filed a response to the motion for default the Department also filed a motion to dismiss. (Dkt. # 20). The filing of this motion is beyond the limited appearance entered. The Department has now appeared generally by filing a dispositive motion. As of March 30th, 2005 the court assumed in personam jurisdiction over the Department as a named defendant. The Department's motion to dismiss is noted for April 22nd, 2005 and is ripe for consideration. (Dkt. # 20).

C.   Failure to state a claim.

REPORT AND RECOMMENDATION - 2

1.   <u>Sandra Carter</u>.

Defendant Carter's motion to dismiss is technically a 12 (c) motion as an answer has been filed on her behalf. Defendant Carter correctly sets forth the standard of review as follows:

> After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). When an answer is filed prior to a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the motion will be considered a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). <u>Blenheim v. Dawson & Hall Ltd.</u>, 35 Wash. App. 435, 437, 667 P.2d 125 (1983). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).
>
> On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969), reh'g denied, 396 U.S. 869 (1969); <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding pro se, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). While the court can liberally construe a pro se plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to plead. <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992) (quoting <u>Ivey v. Board of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well-pleaded facts in the complaint, as distinguished from conclusory allegations. <u>Mitchell v. King</u>, 537 F.2d 385, 386 (10th Cir. 1976); see also, <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

(Dkt. # 18, page 2 and 3).

The equal protection clause prevents intentional discrimination based on class, race, or religion. Here, plaintiff claims a privilege is being taken away because he cannot pay for the privilege. Watching television is not an activity that is protected by the constitution. <u>McKune v. Lile</u>, 536 U.S. 24, 36 (2002). The policy requiring a rental fee is not based on class or race and plaintiff has failed to state a claim.

Where the activity itself is constitutionally protected, denial based on inability to pay can state a viable claim. These activities include areas such as seeking medical treatment for a serious illness or injury, seeking access to court, or other protected activity. Watching television, simply does not

REPORT AND RECOMMENDATION - 3

1  rise to this level.  Defendant Carter is entitled to **DISMISSAL WITH PREJUDICE.**

2  Having reached this conclusion the court concludes the Department of Corrections is also
3  entitled to dismissal.  Accordingly, This action should be dismissed for failure to state a claim, with
4  the dismissal counting a strike pursuant to 28 U.S.C. § 1915 (g).  A proposed order accompanies this
5  Report and Recommendation.

6  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil
7  Procedure, the parties shall have ten (10) days from service of this Report to file written objections.
8  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for
9  purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed
10 by Rule 72(b), the clerk is directed to set the matter for consideration on **June 17th, 2005, 2005**, as
11 noted in the caption.

13 DATED this 16th day of May, 2005.

15                 */S/ J. Kelley Arnold*
                J. Kelley Arnold
                United States Magistrate Judge

28 REPORT AND RECOMMENDATION - 4